

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 30, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1487

Re: Authority of the Comptroller
of Public Accounts to honor
motor fuel tax refund claims
which have been revised to
exclude those based on ex-
emption invoices falsified by
claimant's bookkeeper.

Dear Sir:

      Your request for an opinion of this office is based on the following facts:

      Your office has received two refund claims in the amounts of $743.35 and $574.53, which were filed under the provisions of Article 7065b-13, V. C. S. The first claim is for refund of tax on motor fuel used by the claimant in his own farming operations, and the second is for refund on motor fuel used by the estate of a deceased person, the farming operations of which are under the supervision and management of the first claimant.

      Attached to and filed as a part of the first claim were four duplicate invoices of exemption which had been falsified by alterations of the dates of purchase and delivery, to bring them within the six months' limitation fixed by law for the payment of tax refunds. Attached to and filed as a part of the second claim were six duplicate invoices of exemption falsified in the same manner and for the same purpose. All ten of the altered invoices of exemption were precluded by law from tax refund because deliveries, as shown by the dates on the original copies of such exemptions maintained by the refund dealer, were made more than six months prior to the date the claims were executed and filed.

      You have been informed that both claims were prepared by an employee who keeps the books of the two farming operations. Both claims were subscribed and sworn to by another employee who acts as farm manager of the two operations. Payment of both claims was denied under the provisions of subdivision (f) of Article 7065b-13.

      The attorney for these claimants has stated in substance that the bookkeeper, not realizing the seriousness of the offense and in order to avoid censure for letting the exemptions become past due, had changed the dates on the exemptions of her own volition and

without the authority, direction, or knowledge of the individual claimant or anyone else in the organization of either claimant, and that neither the individual claimant nor the executor of the estate would have condoned such act.

On the basis of the above facts, you ask whether your department can legally permit the claims here involved to be revised to exclude the altered invoices of exemption and then pay them in the amounts computed from the unaltered exemption invoices.

The pertinent parts of Article 7065b-13, V.C.S., read as follows:

"(a) In all refund claims filed under this section the burden shall be on the claimant to furnish sufficient and satisfactory proof to the Comptroller of the claimant's compliance with all provisions of this Article; otherwise, the refund claim shall be denied.

"(b) Any person, (except as hereinafter provided) who shall use motor fuel for the purpose of operating or propelling any stationary gasoline engine, motor boat, aircraft, or tractor used for agricultural purposes, or any other purposes except in a motor vehicle operated or intended to be operated upon the public highway of this State, and who shall have paid the tax imposed upon said motor fuel by this Article, either directly or indirectly, shall, when such person has fully complied with all provisions of this Article and the rules and regulations promulgated by the Comptroller, be entitled to reimbursement of the tax paid by him less one per cent (1%) allowed distributors for collecting and remitting the tax and complying with other provisions of the law. . . .

" . . .

"(d) When motor fuel is ordered or purchased for refund purposes the purchaser or recipient thereof shall state the purposes for which such motor fuel will be used or is intended to be used, and shall request an invoice of exemption which shall be made out by the selling refund dealer at the time of such delivery, or, if the motor fuel is appropriated for use by a refund dealer it shall be made out at the time the motor fuel is appropriated or set aside for refund purposes. The invoice of exemption shall state: the refund dealer's license number; the date of purchase and the date of delivery; the names and addresses of the purchaser and the selling dealer; the purpose for which

such motor fuel will be used or is intended to be used; the number of gallons delivered, or appropriated for use; and any other information the Comptroller may prescribe. No refund shall be allowed unless an invoice of exemption is made out at the time of delivery, except as hereinafter provided. . . .

". . .

"(f) Any person entitled to file claim for tax refund under the terms of this Article shall file such claim with the Comptroller on a form prescribed by the Comptroller within six (6) months from the date the motor fuel was delivered to him, or from the date the motor fuel was lost, exported or sold to the United States Government, and no refund of tax shall ever be made where it appears from the invoice of exemption, or from the affidavits or other evidence submitted, that the sale or delivery of motor fuel was made more than six (6) months prior to the date the refund claim was actually received in the Comptroller's Office. The refund claim, with all duplicate invoices of exemption required by law to be issued with the sale of refund motor fuel included as a part of said claim, shall be verified by affidavit of the claimant, or a duly authorized agent of the claimant, and shall show the quantity of refund motor fuel acquired and on hand at the beginning and closing dates of the periods covered in the refund claim filed. . . .

". . .

"It shall be the duty of every person claiming tax refund to verify the contents of the claim filed and any such person who shall file claims for tax refund on any motor fuel which has been used to propel a motor vehicle, tractor or other conveyance upon the public highway of Texas for any purpose for which a tax refund is not authorized herein, or who shall file any duplicate invoice or exemption in a claim for tax refund on which any date, figure or other material information has been falsified or altered after said duplicate invoice of exemption has been duly issued by the refund dealer and delivered to the claimant, shall forfeit his right to the entire amount of the refund claim filed." (Emphasis added.)

Under the submitted facts the ten invoices of exemption which were altered involved sales or deliveries of motor fuel which were more than six months prior to the receipt of the refund claim by the Comptroller.

There is no question but that the refund claims represented by the ten altered or falsified invoices of exemption are barred from payment by the six months' limitation provided by statute. The only question to be determined here is the legality of paying the portions of the two total refund claims which were properly filed within the six months' period and which were substantiated by unaltered invoices of exemption.

The tax refunds authorized by the Motor Fuel Tax law are in the nature of exemptions or exceptions and must be strictly construed. The right of the claimant to make application for a refund is statutory and the procedure set out in the statute must be strictly complied with to entitle the claimant to that right. Att'y Gen. Op. 0-6363 (1945); Armstrong v. Driscoll Construction Co., 110 P.2d 651 (Colo. Sup. 1941).

The tax refund section of the act contains detailed reporting and recording provisions which were designed to prevent tax evasion, fraud, and the filing of stale claims and to aid in a uniform and efficient administration of the law. The forfeiture provisions of subdivision (f) of Article 7065b-13, V.C.S., here involved, were only recently enacted by the Legislature (Section XXII of Chapter 402, Acts 52nd Leg., R.S. 1951, p. 695) in an obvious attempt to strengthen the act with regard to the filing of falsified or altered refund claims.

In construing this statute, it is apparent to us that the clear intent of the Legislature was set forth in plain wording in the provision that the claimant "shall forfeit his right to the entire amount of the refund claim filed" where the invoices of exemption are altered or falsified with regard to dates, figures, or other material information. Responsibility for the acts of the claimant's agent or employee in falsifying or altering the invoices of exemption must be imputed to the claimant, otherwise the particular forfeiture provision could, as a practical matter, be circumvented with impunity.

There is no statutory provision which would authorize the Comptroller to waive this forfeiture provision on equitable or other grounds and he, therefore, has no authority to do so. Att'y Gen. Op. V-835 (1948).

Your request did not present any questions with regard to, and we are not passing upon, the possible applicability of various other statutory provisions for fines, penalties, or criminal prosecution in this instance.

It is our opinion that the person claiming the tax refunds in question, which included certain altered or falsified invoices of exemption, forfeited his right to the entire claims which were filed.

## SUMMARY

The right of a claimant to the refund of motor fuel taxes which is based in whole or in part on altered or falsified invoices of exemption must be forfeited in its entirety. Art. 7065b-13(f), V.C.S.

APPROVED:

W. V. Geppert
Taxation Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Frank Lake

Frank Lake
Assistant